UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LEGAL COLLECTION SERVICES, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>HENRY E. LICHTENBERGER, et al.,<br><br>　　　　　Defendants. | 2:11-CV-1171 JCM (RJJ) |

**ORDER**

Presently before the court is plaintiff Legal Collection Services motion to remand this action to state court. (Doc. #6). Defendant Hannah Irsfeld has responded. (Doc. #14). Plaintiff has failed to reply.

Plaintiff's action is a legal malpractice suit seeking damages incurred as a result of defendants' alleged malpractice. Plaintiff contends that defendant Lichtenberger, as corporate counsel for the Blue Pine Group, noticed a meeting to remove two Blue Pine Group directors. Plaintiff alleges that this meeting was not properly noticed or held in accordance with applicable Nevada state statutes. As a result of the meeting, a corporate resolution was executed removing the two directors.

Subsequent to this, The Blue Pine Group, under the alleged direction of defendant Lichtenberger, created a corporate resolution authorizing the filing of Blue Pine Group's bankruptcy. Plaintiff alleges that this resolution was void because of the alleged underlying malpractice in

**James C. Mahan**
**U.S. District Judge**

1    removing the two directors. Plaintiff sustained damages in the bankruptcy proceeding by way of
2    sanctions imposed for improperly maintaining a Chapter 7 bankruptcy on behalf of a corporation that
3    did not have authority to file bankruptcy.

4    Plaintiff contends that Nevada state law is wholly controlling of the dispute because it is
5    Nevada law that determines whether defendants committed legal malpractice and whether the
6    corporate resolutions satisfied state requirements. Defendant counters that the sanctions award that
7    underlies the malpractice suit was governed by Federal Rule of Bankruptcy Procedure 9011 and the
8    degree of care a bankruptcy attorney must exhibit – a federal standard.

9    Pursuant to 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil
10   actions arising under the Constitution, laws, or treaties of the United States." Accordingly, this court
11   has original jurisdiction for all cases pertaining to the federal bankruptcy laws. *Id.*; *see also* 28
12   U.S.C. 1334(b). However, where the legal issues pertain solely to state law questions, this court does
13   not have original jurisdiction.

14   The primary issue in this litigation appears to be the allegedly improperly noticed board
15   meeting. To determine whether defendant Lichtenberger's actions with regards to that meeting
16   amount to legal malpractice is a question of state law. While it is true that the sanctions award was
17   based on federal rules and standards, the instant litigation does not seek review of the sanction.
18   Rather, it asks whether other actions – controlled by state law – were the cause of the ultimate
19   sanctions award.

20   Accordingly,

21   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that plaintiff's motion to
22   remand (doc. #6) be, and the same hereby is, GRANTED.

23   DATED September 15, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -